## No. 462
## COBLENZ v. SAVILLE et al

Ohio Appeals, 2nd Dist., Montgomery County
No. 399. Decided Feb. 5, 1924

1261. WATER AND WATER COURSES—Diversion of water from its natural course, causing it to flow over land of another, is a nuisance, action for which may be maintained without showing actual damages.

BY THE COURT.          Epitomized Opinion

Published Only in Ohio Law Abstract

Plaintiff, Lizzie S. Coblenz, alleges that defendants have constructed a dam across a ditch located upon the farm of defendants, and have dug a ditch from the side of the dam to the line fence between the farms of plaintiff

## STATE COURT OF APPEALS—Continued

and defendant, causing the water to flow to the line fence and over upon her lands. She asks for an injunction to restrain the maintenance of the dam and damages for $500.

Defendant, Mary Graham, answered denying many allegations of the petition and by cross-petition seeks damages against plaintiff for injury to their premises by reason of the plaintiff obstructing the natural flow of the water from their said premises.

Said defendant further asks that plaintiff be enjoined from the commission of the unlawful acts recited in detail in the cross-petition and for damages of $1,000.

The defendants, Charles G. and William E. Saville, for answer, join in the prayer of Graham, in her cross-petition to the extent that they have any interest in the said premises. The lower court enjoined the defendants from maintaining the dam or levee in question and from causing the water to be thrown therefrom upon the plaintiff's premises and also awarded the plaintiff nominal damages in the sum of $1. From such judgment an appeal was taken to the Court of Appeals, which held that the legal proposition involved in this case is controlled by the decision of Tootle v. Clifton, 22 OS. 247, that where the water of another is prevented from flowing in its natural course, and caused to flow off in a different direction, over the land of the latter, it is a nuisance for which action may be maintained without showing any actual damage and for which nominal damages, at least, may be recovered.

The testimony is in some respects conflicting, but when the entire record is considered it establishes the right of the plaintiff to an injunction such as was allowed by the lower court. The decree in this court is the same as in the lower court.

Attorneys—Allaman, Funkhouser & Murr, for Coblenz; W. S. Rhotehamel, A. C. McDonald, for defendants; all of Dayton.